*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JILL ANN TUCKER,

        Defendant-Appellant.

UNPUBLISHED
January 24, 2019

No. 338514
Livingston Circuit Court
LC No. 2016-023886-FH

Before: BOONSTRA, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial convictions of interfering with a crime report, MCL 750.483a(2)(b), tampering with evidence, MCL 750.483a6(a), using a computer to commit a crime, MCL 752.796(1), MCL 752.797(3)(e), unlawful posting of a message, MCL 750.411s(2)(a), failure to stop at the scene of a personal injury accident, MCL 257.617a, lying to a police officer, MCL 750.479c(2)(a), failure to stop at the scene of a property damage accident, MCL 257.618, and violation of license restrictions, MCL 257.312. Defendant was sentenced to 2 years, 4 months to 10 years' imprisonment for the interfering with a crime report, tampering with evidence, and using a computer to commit a crime convictions, one year in jail for the unlawful posting of a message conviction and failure to stop at the scene of a personal injury accident, 93 days in jail for the lying to a police officer conviction, and 90 days in jail for the failure to stop at the scene of a property damage accident and violation of license restrictions convictions. We reverse, vacate defendant's interfering with a crime report, unlawful posting of a message, and using a computer to commit a crime convictions, and remand to the trial court for resentencing on defendant's remaining convictions.

## I. RELEVANT FACTUAL BACKGROUND

This case arises from a "hit and run" accident where defendant operated her employer's vehicle in violation of her license restrictions stemming from a prior OWI conviction, hit a motorcyclist, and did not stop at the scene of the accident despite injury to persons and property. Defendant subsequently sent nude photographs of her former coworker, via text-message, to individuals she worked with and to Green Oak Township Police Officer Rick Ickes, a police

officer with whom defendant had been romantically involved. The coworker that defendant circulated nude photographs of was a witness in the hit-and-run case. Additionally, Officer Ickes was involved in the investigation of the hit-and-run, which eventually lead to the end of his romantic relationship with defendant.

## II. BEST-EVIDENCE RULE

Defendant first argues that the trial court abused its discretion in admitting testimony about the nude photographs when the photographs themselves were not introduced into evidence due to a discovery sanction.[1] Defendant claims that by admitting such testimony, the prosecution was effectively allowed to circumvent the best-evidence rule found in MRE 1002. We agree.

This Court reviews a decision to admit or exclude evidence for an abuse of discretion, and reviews de novo whether a rule of evidence precludes the admission of evidence. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). However, "a preserved, nonconstitutional error is not a ground for reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999) (internal quotation marks omitted).

MRE 1002 provides that "[t]o prove the contents of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute." "An 'original' of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it." MRE 1001(3). However, "[t]he original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if[,]" among other reasons, "[a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith . . . ." MRE 1004(1).

In order to prove the contents of the photographs sent by defendant, the original photographs were required unless they had been lost or destroyed. Here, the photographs were neither lost nor destroyed: the prosecution failed to produce them until trial. Accordingly, the trial court excluded the photographs as a discovery sanction. However, over defendant's best-evidence rule objections, the trial court admitted testimony from defendant's coworker that she recognized "nude photographs" of herself that had been sent to other coworkers. Defendant's coworker never actually received the photographs from defendant; she only identified herself as the subject of the photographs sent to other people. Additionally, the trial court admitted testimony from other witnesses who stated that they had received "nude photographs" via text message, and from Officer Ickes who testified that defendant had sent him "nude photographs."

---

[1] We note that the actual photographs sent by defendant were excluded from evidence as a discovery sanction, where the prosecution failed to comply with the trial court's expectations for discovery. However, whether the suppression of the photographs was an abuse of the trial court's discretion is not an issue before this Court, and therefore will not be addressed.

We conclude that the trial court abused its discretion by admitting the aforementioned testimony, as it allowed the prosecution to have the content of the excluded photographs admitted into evidence despite MRE 1002 and the trial court's own ruling excluding the photographs. Where the photographs were neither lost nor destroyed, the prosecution was required to present the actual photographs in order for their contents – i.e. that they were nude photographs – to come into evidence. We further conclude that this abuse of discretion amounts to reversible error. Without the admission of the contents of the photographs, the prosecution did not have sufficient evidence to support defendant's convictions of unlawful posting of a message and using a computer to commit a crime. Without the testimony regarding the content of the photographs, it is more probable than not that defendant would have been acquitted of interfering with a crime report, unlawful posting of a message and using a computer to commit a crime. Accordingly, we vacate only those three convictions.[2]

We reverse, vacate defendant's interfering with a crime report, unlawful posting of a message, and using a computer to commit a crime convictions, and remand to the trial court for resentencing on defendant's remaining convictions. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Michael F. Gadola

---

[2] Because we are vacating defendant's unlawful posting of a message and using a computer to commit a crime convictions based on MRE 1002, we need not address the remaining issues raised by defendant on appeal

-3-